IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. STEVEN WILEY, et al., | No. C 04-4321 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 12] |
| TRENDWEST RESORTS, INC., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' motion for remand of this action to the California Superior Court for San Francisco County pursuant to 28 U.S.C. § 1447(c) [Docket No. 12].

Having read and considered the arguments presented by the parties in the papers submitted to the Court, and the argument of counsel at the March 29, 2005 hearing, the Court hereby GRANTS Plaintiffs' motion to remand the second, third, and fourth causes of action. The Court DENIES Plaintiffs' motion to remand the first and fifth causes of action.

**BACKGROUND**

On August 25, 2004, Plaintiffs J. Steven Wiley, James D. Harrison, and Fred Dinley ("Plaintiffs") filed a Complaint against Defendants Trendwest Resorts, Inc. and Jeld-Wen, Inc. in San Francisco Superior Court on behalf of "themselves, the general public, and others similarly situated." Plaintiffs' Complaint alleges five

causes of action: (1) restitution for overtime pursuant to California Business and Professions Code § 17200 for violations of the Federal Labor Standards Act; (2) restitution for unpaid wages in the form of "chargebacks"[1] pursuant to California Labor Code §§ 221, 300, and 400-410; (3) unjust enrichment pursuant to California Civil Code § 1670.5 and California Business and Professions Code § 17200;(4) failure to reimburse employee expenses in violation of California Labor Code §§ 2802 and 400-410; and (5) waiting time penalties under California Labor Code § 203.

On October 13, 2004, Defendant Trendwest Resorts, Inc. ("Defendant" or "Trendwest") removed the action to federal court under 28 U.S.C. § 1441 on the grounds that Plaintiffs' Complaint invokes a federal question.

## LEGAL STANDARD

The federal removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court . . . may be removed by the defendant or the defendants" to federal court on the basis of federal question or diversity jurisdiction. 28 U.S.C. 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

The removal statute is to be strictly construed against removal and any doubt is resolved in favor of remand. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The burden of establishing jurisdiction rests with the party effecting the removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted).

The Court must determine whether removal was proper by "looking to the complaint at the time the removal petition was filed." *Chesler/Perlmutter Prods. v. Fireworks Entm't, Inc.*, 177 F. Supp. 2d 1050, 1058 (C.D. Cal. 2001) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)). The Supreme Court has explained that "if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant." *Great N. Ry. v. Alexander*, 246 U.S. 276, 281 (1918).

---

[1] According to the Complaint, a "chargeback" occurs when a sales person's bonus is deducted for sales that are charged back or cancelled through no fault of the sales person. Cmplt. ¶ 43.

2

# ANALYSIS

**A.     Removal of Plaintiffs' First Cause of Action.**

Defendant argues that removal of this case to federal court is proper under 28 U.S.C. §§ 1331 and 1367 because Plaintiffs' first cause of action is based entirely on an alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 213.  Although Defendant admits that Plaintiffs have brought their first cause of action under California Business and Professions Code § 17200, and not the FLSA, Defendant contends that the "artful pleading doctrine" precludes Plaintiffs from avoiding federal jurisdiction simply by casting in state law terms a claim that actually is based on federal law.  *See Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003) ("The artful pleading doctrine allows courts to 'delve beyond the face of the state court complaint and find federal question jurisdiction' by recharacterizing a plaintiff's state law claim as a federal claim.")  Plaintiffs concede that the Complaint's first cause of action is premised on the FLSA but nevertheless argue that "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrill Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

Federal question jurisdiction extends in those cases in which a well-pleaded complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27, 28.  The first relevant inquiry here is whether the FLSA "created" Plaintiffs' cause of action.

Defendant contends that a federal statute "creates" the cause of action when a "substantial, disputed question of federal law is a necessary element of the claim."  *See Franchise Tax Bd.,* 463 U.S. at 13. Defendant further argues that because Plaintiffs' § 17200 claim is premised solely on Plaintiffs' ability to prove that Defendant violated the FLSA, the FLSA is a necessary element of Plaintiffs' claim.  Defendant cites two Ninth Circuit cases in support of its position.  In both cases, the Ninth Circuit found that subject matter jurisdiction had been established because the plaintiffs' § 17200 claims were predicated on various federal statutory violations.  *See Brennan v. Southwest Airlines*, 134 F.3d 1405, 1409 (9th Cir. 2004); *Lockyer v. Dynegy Power Marketing,* 375 F.3d 831, 838, 843 (9th Cir. 2004)*.*  Although these two

cases are distinguishable from the instant case in certain respects,[2] the Court finds them persuasive.

Defendant also cites a recent case in the Northern District closely analogous to the instant case in which the district court followed *Brennan* and *Lockyer* in finding subject matter jurisdiction. *See National Credit Reporting Ass'n, Inc. v. Experian Information Solutions, Inc.*, No. C 04-01661 WHA 2004 U.S. Dist. Lexis 17303, at *10 (N.D. Cal. July 21, 2004). In *National Credit Reporting Ass'n Inc.,* the district court specifically found that the plaintiff's reliance on the Sherman Act to establish his § 17200 claim was sufficient to establish subject matter jurisdiction. In fact, in *National Credit Reporting Ass'n*, the court stated that plaintiff "could not have avoided borrowing Section 2 of the Sherman Act" because his claim was not expressly provided for under California law. Similarly, here, Defendant alleges that Plaintiffs could not have brought their first cause of action under California law because Plaintiffs would have been exempt from overtime under the relevant California regulations. Plaintiffs fail to refute this contention.

Plaintiffs have also failed to show that their right to relief does not necessarily depend on the resolution of a substantial question of federal law. Although Plaintiffs argue that their first cause of action is predicated on a "well-settled portion" of the FLSA, Plaintiffs do not – and cannot – deny that their entitlement to relief under their first cause of action depends on whether the Court finds that Trendwest's sales personnel fall within the FLSA's "inside salesperson" exemption. It is precisely this analysis that establishes federal question jurisdiction. The sole authority that Plaintiffs rely on to refute this point is inapposite. As Defendants aptly point out, in *Barnett et al. v. Washington Mutual Bank, FA et al.*, 2004 WL 2011462 (N.D. Cal Sept. 9, 2004), the question of subject matter jurisdiction was not before the court. Indeed, in *Barnett*, the plaintiffs affirmatively alleged violations of the FLSA as a separate cause of action, thereby clearly establishing the basis for federal question jurisdiction. *Id.* at * 1. The *Barnett* court also noted that the plaintiffs had premised their § 17200 claim on both state and federal labor laws. *Id.*

---

[2] In both cases, the Ninth Circuit's holding turned on a finding that the underlying federal statute provided for exclusive jurisdiction in the federal courts. *See Brennan*, 134 F.3d at 1409 (federal jurisdiction appropriate because the Internal Revenue Code "provides the exclusive remedy in tax refund suits and thus preempts state-law claims that seek tax refunds."); *see also Lockyer*, 375 F.3d at 843 (federal jurisdiction appropriate because claims fell "squarely within the exclusive jurisdiction provision of the Federal Power Act."). Here, in contrast, Plaintiffs argue that the FLSA does not necessarily preclude concurrent jurisdiction in state and federal courts. *See, e.g.,* 28 U.S.C. § 216(b) ("An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any Federal or State court of competent jurisdiction.")

1  This distinction appears to be the basis for the *Barnett* court's conclusion that the plaintiffs' § 17200 claim
2  could be "characterized as a state wage claim." *Id.* at *7.

3  Accordingly, the Court finds that Defendant has met its burden of establishing that the Court has
4  subject matter jurisdiction over Plaintiffs' first cause of action.

5  **B.    Removal of Plaintiffs' Second, Third, Fourth, and Fifth Causes of Action.**

6  Plaintiffs argue that, even if this Court finds that it has subject matter jurisdiction over Plaintiffs' first
7  cause of action, it should nevertheless remand the second, third, and fourth causes of action to state court.[3]
8  Plaintiffs present two arguments in support of this contention: (1) that the first and fifth causes of action are
9  not sufficiently related to the second through fourth causes of action; and (2) that the second through fourth
10 causes of action present novel and complex issues of state law which substantially predominate over the
11 first and fifth causes of action.

12 When a defendant removes a lawsuit that joins both federal and state law claims, the district court
13 may exercise supplemental jurisdiction over the state law claims only if those claims are so closely related to
14 the federal claim that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). Absent this
15 nexus, the district court lacks jurisdiction over the state law claims, and they must be remanded. 28 U.S.C.
16 § 1447.

17 Even when there is a basis for supplemental jurisdiction, however, the district court may properly
18 decline to exercise it. 28 U.S.C. § 1367. Section 1367(c) provides that a district court may refrain from
19 exercising supplemental jurisdiction over state law claims if they involve novel questions of state law, or if
20 the state law claims substantially predominate over the claims based on federal law. 28 U.S.C. §
21 1367(c)(1) and (2). As the United States Supreme Court recognized in *United Mine Workers v. Gibbs*,
22 383 U.S. 715, 726 (1966), the district court's jurisdiction over state law claims "need not be exercised in
23 every case in which it is found to exist ... Needless decisions of state law should be avoided as a matter of
24 comity . . . ." *Id.* Additionally, 28 U.S.C. § 1441 provides a separate basis for remanding state law
25 claims, provided that those claims are "separate and independent" from the federal claim and that the state

---

[3] Plaintiffs concede that the fifth cause of action is so closely related to the first cause of action that, should the Court find subject matter jurisdiction over the first cause of action, the fifth cause of action should also remain in federal court.

5

1  law matters substantially predominate. 28 U.S.C. § 1441.

2  Plaintiffs argue that the first cause of action and the second through fourth causes of action do not
3  arise from the same nucleus of facts and are therefore "separate and independent" claims. Plaintiffs
4  concede that all of the causes of action arise out of their employment with Trendwest, but nevertheless
5  contend that the employer-employee relationship is too tenuous a connection to satisfy jurisdictional
6  requirements. Plaintiffs cite two cases – *Lyons v. Whisman,* 45 F.3d 758 (3d Cir. 1995) and *Hudson v.*
7  *Delta Airlines*, 90 F.3d 451 (11th Cir. 1996) – where state law claims arising from the same employment
8  relationship as the federal claim were held to be insufficiently related. *See Lyons*, 45 F.3d at 759 (holding
9  that plaintiff's state law tort and contract claims arising out of the employer's failure to pay a bonus on time
10 did not arise from the same common nucleus of operative fact as the FLSA claim for unpaid overtime
11 wages); *see also Hunter,* 90 F.3d at 456 (holding that the plaintiffs' breach of contract claim did not arise
12 from the same case or controversy as the ERISA causes of action).

13 Defendant argues that Plaintiffs' causes of action all arise out of the same nucleus of facts because
14 they all relate to Plaintiffs' wages. However, numerous federal courts have held that such a "loose" factual
15 nexus is insufficient to satisfy Article III jurisdictional requirements. *Lyons*, 45 F.3d at 761-62. The
16 relevant inquiry is not whether the claims involve some similar factual basis, but whether the state and
17 federal claims are alternative theories of recovery for the same acts.[4] *Id.* at 761. As noted by the Third
18 Circuit in *Lyons*, "when the same acts violate federal and state laws, the common nucleus of operative facts
19 is obvious and federal courts routinely exercise supplemental jurisdiction over the state law claims." *Lyons*,
20 45 F.3d at 761. That is not the case here. In fact, Defendant has strenuously argued that Plaintiffs' first
21 cause of action is *not* a viable cause of action under state law. Defendant cannot have it both ways. As
22 such, Defendants have not met their burden in proving that Plaintiffs' first cause of action is sufficiently
23 related to the second, third, and fourth causes of action.

---

[4]Even the case that Defendant relies on – *Eastus v. Blue Bell Creameries*, 97 F.3d 100 (5th Cir. 1996) – stands for this proposition. *See Eastus*, 97 F.3d at 105 (holding that it was proper to remand the cause of action for tortious interference with prospective contractual relations claim but finding that it was an abuse of discretion for the Court to remand a cause of action for intentional infliction of emotional distress (IIED) because the IIED claim simply asserted a different theory of recovery for the Family and Medical Leave Act violation).

1  Moreover, this Court may decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. §
2  1367 over Plaintiffs' second through fourth causes of action if they involve novel questions of state law or if
3  the state law claims substantially predominate over the claims based on federal law.  Plaintiffs contend that
4  the second through fourth causes of action are "novel" because there are no reported California decisions
5  that set forth what types of expenses or losses may be deducted from a real estate broker's earned wages.
6  In response, Defendant argues that Plaintiffs' wage claims are not novel due to the California Court of
7  Appeals recent decision in *Steinhebel v. Los Angeles*, 126 Cal.App.4th, 696, 24 Cal.Rptr.3d 351 (Cal.
8  2005).  As Plaintiffs point out, however, *Steinhebel* was decided only two months ago.  Moreover, the
9  holding in *Stienhebel* was limited to a discrete dispute relating to the commissions earned by newspaper
10 telesales employees and the analysis turned on the explicit terms of the employees' contract. *Id.* at 354.
11 Thus, the holding of *Steinhebel* is not necessarily determinative of questions pertaining to commissions
12 earned by real estate brokers.  Accordingly, the Court finds that *Steinhebel* does not provide the Court
13 with appropriate guidance with respect to the instant action.

14 Plaintiffs also argue that the second through fourth causes of action predominate over the first and
15 fifth causes of action.  Plaintiffs are correct.  Plaintiffs' complaint is, in essence, a commissions dispute.  The
16 second through fourth causes of action assert numerous violations of California labor laws that go to the
17 heart of this dispute.  The one federal cause of action, on the other hand,  is discrete and and its
18 determination arguably has no bearing on whether Trendwest included inappropriate deductions of wages
19 from Plaintiffs' commissions.  To counter this, Defendant merely argues that the FLSA issue is the "more
20 substantial claim" because it will require a significant amount of discovery.  However, Defendant does not
21 cite any authorities in support of its contention that the amount of discovery controls whether federal subject
22 matter jurisdiction is appropriate.  The Court is not aware of any cases that make this distinction.

23 In fact, Defendant's sole argument is that this Court should exercise supplemental jurisdiction over
24 the second through fourth causes of action in the interests of "economy, convenience, [and] fairness"
25 because Defendant should not be faced with the burden of litigating in two different courts.[5]  This argument

---

[5]Defendant also argues that there may be grounds for diversity jurisdiction in the event that one of the Plaintiffs amends the Complaint to add a claim for more than $75,000.  Since Defendant concedes that this is merely a possibility at this point, and has not actually occurred, the issue of whether diversity jurisdiction exists

is not sufficient to meet Defendant's burden of proof.  While it is unfortunate that Defendant removed the case from state court (where it could have been heard in its entirety), the simple fact is that this Court cannot choose to exercise supplemental jurisdiction over claims when Defendant has not properly shown that such jurisdiction is appropriate.  The removal statute is to be strictly construed against removal and any doubt is resolved in favor of remand.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

Accordingly, the Court finds that Defendant has established that the Court has subject matter jurisdiction over Plaintiffs' first cause of action.  Since Plaintiffs concede that the fifth cause of action is inextricably intertwined with the first cause of action, subject matter jurisdiction over the fifth cause of action has been established as well. However, Defendant has not met its burden of proof with respect to the removability of Plaintiffs' second through fourth causes of action.  Since the Court finds that the second through fourth causes of action raise novel and complex issues of California law and assert legal theories that are separate from and independent of Plaintiffs' federal cause of action, the Court declines to assert subject matter jurisdiction over these claims.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Remand the second, third, and fourth causes of action is GRANTED.  Plaintiffs' second, third, and fourth causes of action are hereby REMANDED to the Superior Court of San Francisco County.  Plaintiffs' Motion to Remand the first and fifth causes of action is DENIED.  The Court retains jurisdiction over Plaintiffs' first and fifth causes of action.

IT IS FURTHER ORDERED THAT the telephonic Case Management Conference in this case is continued to **June 16, 2005 at 3:15 p.m.**.  The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference.  Plaintiffs shall be responsible for filing the statement as

//

---

is not properly before this Court.  Thus, the Court declines to consider Defendant's argument.

well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

     IT IS SO ORDERED.

Dated: 5-3-05            /s/ Saundra Brown Armstrong  
                       SAUNDRA BROWN ARMSTRONG  
                       United States District Judge

**United States District Court**  
For the Northern District of California