IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. STEVEN WILEY, et al., | No. C 04-4321 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket Nos. 30, 31] |
| TRENDWEST RESORTS, INC., et al., | |
| Defendants. | |

This matter is before the Court on Defendant Trendwest Resorts, Inc.'s Motion to Transfer Venue and Plaintiffs' Motion for Class Certification. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Defendant's Motion to Transfer Venue [Docket No. 30] and DENIES AS PREMATURE Plaintiffs' Motion for Class Certification [Docket No. 31].

## **BACKGROUND**

### I.     **The Parties**

Defendant Trendwest Resorts, Inc. ("Defendant" or "Trendwest") is an Oregon corporation. Compl. ¶ 2. Trendwest's principal place of business is in Redmond, Washington. *Id.* Defendant Jeld-Wen, Inc. ("Jeld-Wen") is a privately held Oregon corporation with its principal place of business in Oregon. Compl. ¶

3. Jeld-Wen is Trendwest's majority shareholder, holding 80.1 percent of Trendwest's shares, and is in charge of Trendwest's payroll and employment policies. *Id.*

Plaintiffs Steven Wiley, James D. Harrison, and Fred Dineley ("Plaintiffs") are or were employed by Trendwest in California as inside sales employees paid on a commission-only basis with chargebacks against commission. *Id.* at ¶¶ 4, 16. Plaintiffs allege that while employed by Trendwest, they were forced to work more than forty hours per week, were charged back wages, and were denied their annual bonuses. *Id.* at ¶¶ 20-22.

## II. Procedural History of this Action

On August 25, 2004, Plaintiffs filed a class-action complaint in San Francisco Superior Court on behalf of themselves and on behalf of all other Trendwest sales personnel employed within the state of California (referred to herein as the "California action" or the "California Complaint"). Compl. ¶ 7. On October 13, 2004, Trendwest removed the case to this Court pursuant to 28 U.S.C. § 1441. Defendant premised the removal on the ground that two of Plaintiffs' causes of action, which were brought under California Business and Professions Code § 17200 and California Labor Code § 203, respectively, actually invoked a federal question under the federal Fair Labor Standards Act ("FLSA") [Docket No. 1]. In its Order of May 3, 2005, this Court agreed that the first and fifth causes of action invoked a federal question and that jurisdiction over those two claims was proper [Docket No. 23]. However, after finding that the second through fourth causes of action raised novel questions of California state law and asserted legal theories independent from the first and fifth causes of action, the Court declined to exercise supplemental jurisdiction over the second through fourth causes of action and remanded those claims to San Francisco Superior Court [Docket No. 23].

On June 27, 2005, Trendwest filed the instant Motion to Transfer Venue. No discovery beyond initial Rule 26 disclosures has yet taken place in this case. However, on June 28, 2005, Plaintiffs filed a Motion for Class Certification.

## III. Procedural History of the Nevada Action

On April 19, 2005, Plaintiffs' attorney, Mark Thierman, filed a class-action complaint on behalf of Ronnie Williams[1] ("Williams") against Trendwest in the Clark County District Court of Nevada (the "Nevada

---

[1] Ronnie Williams is a former employee of Trendwest's Las Vegas office. Errata at Ex. A, ¶ 7.

2

1  Action" or the "Nevada Complaint"). Notice of Errata at Ex. A. The Nevada Complaint is brought on behalf
2  of Williams and "all salespersons who worked for Trendwest in any state other than California within the last
3  three (3) years." *Id.* at ¶ 13. The Nevada Complaint alleges three claims, one for a nationwide (except
4  California) class under the Fair Labor Standards Act and two additional claims specific to a sub-class of
5  Nevada Trendwest employees under Nevada state labor law. *Id.* at ¶¶ 13-14. On May 13, 2005, Trendwest
6  removed the action to the District Court of Nevada based on federal question and diversity jurisdiction. Notice
7  of Errata at Ex. B.

## LEGAL STANDARD

Venue is governed by 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." 28 U.S.C. § 1404(a). The purpose of the section is to "prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

The burden is on the moving party to demonstrate that the balance of conveniences favors the transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Generally, the moving party "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1985), and "a plaintiff's choice of forum is ordinarily given great weight." *Allegiance Healthcare Corp. v. London Int'l Group, PLC*, 1998 WL 328624, * 1 (N.D. Cal. 1998) (citing *Grubs v. Consolidated Freightways, Inc.*, 189 F. Supp. 404, 409 (D. Mont. 1960)). However, the plaintiff's choice of forum receives less deference when the plaintiff brings a purported class action. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferee district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). A motion to transfer lies within the broad discretion of the district court, and must be determined on an

3

individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

In determining the convenience of the parties and witnesses and the interests of justice, a Court may consider a number of factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Jones*, 211 F.3d at 498-99.

## ANALYSIS

### I. Jurisdiction and Venue in Transferee Court

On a motion to transfer, the moving party must first show that the transferee court has complete personal jurisdiction over the defendants, subject matter jurisdiction over the claims, and proper venue had the claim originally been brought in that court. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).

Here, there is no dispute that the California action might have been properly brought in the District of Nevada. The District Court of Nevada has personal jurisdiction over Trendwest because Trendwest does business in Nevada.[2] Further, pursuant to 28 U.S.C. § 1391(c), venue is proper for corporations in any district in which a court has personal jurisdiction over that corporation. 28 U.S.C. § 1391(c). Last, the District Court of Nevada would have subject matter jurisdiction over the California action, as the remaining claims in the California action involve a federal question. Accordingly, the Court next considers whether the convenience and justice factors support a finding that venue should be transferred.

### II. Convenience and Justice Factors

Trendwest contends that the interests of convenience and justice weigh heavily in favor of a finding that the California action should be transferred to Nevada. Specifically, Trendwest argues that Section 1404 was designed to prevent the precise situation presented here, where two cases involving the exact same legal issue are pending in different jurisdictions. *See Continental Grain Co.*, 364 U.S. at 26. Further, Trendwest stresses that the instant Motion to Transfer Venue is intended to avoid the substantial duplication of effort and

---

[2] Although the parties are silent with respect to Jeld-Wen, the California Complaint alleges that Jeld-Wen is Trendwest's majority shareholder and is in charge of Trendwest's payroll and employment policies. Compl. at ¶ 3. Thus, in the absence of any evidence to the contrary, the Court finds that the jurisdiction analysis is the same for both Jeld-Wen and Trendwest.

4

resources that would necessarily result from simultaneously defending against two class actions pending in different jurisdictions. Trendwest also points out that the current division between the California putative class and the nationwide putative class is artificial and unnecessary, and that the sole reason it is seeking to transfer the California action to Nevada is so that it may move to consolidate the two actions into one nationwide class action.

### A.     Interests of Justice

The first factor that this Court must evaluate is whether the instant Motion to Transfer Venue serves the interests of justice. "The 'interests of justice' consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all other factors point the other way." *London and Hull Mar. Ins. Co. Ltd. v. Eagle Pac. Ins. Co.*, 1996 WL 479013, * 3 (N. D. Cal. 1996). A major consideration under this factor is the desire to avoid multiplicity of litigation from a single transaction. *Id.* In evaluating the "interests of justice," the pendency of related actions in the proposed transferee forum is a highly persuasive factor. *A.J. Industries, Inc. v. United States Dist. Court for Cent. Dist.*, 503 F.2d 384, 389 (9th Cir. 1974). The feasibility of consolidation is also a significant factor in a transfer decision. *Id.* "Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplicitous [*sic*] litigation and inconsistent results." *Durham Productions, Inc. v. Sterling Film Portfolio, Ltd., Series A*, 537 F. Supp. 1241, 1243 (S.D.N.Y. 1982).

Trendwest first argues that transferring the California action to Nevada will allow for the possibility of consolidation, which will substantially reduce duplicative discovery and will conserve judicial resources. As noted above, there are two class actions currently pending against Trendwest: the California action and the Nevada action. Both complaints were drafted by, and filed by, the same attorney, Mark Thierman. With the exception of the state law causes of action, the California Complaint and the Nevada Complaint are virtually identical in all material respects; in fact, the allegations supporting the California Complaint's § 17200 claim have been reproduced verbatim in the Nevada Complaint as the underlying allegations supporting the Fair Labor

5

Standards Act claim.[3] In fact, now that the California state law claims have been dismissed from the instant action, the California action is entirely duplicative of the Nevada action, with the sole exception being the artificial carve-out for the California sub-class. In fact, in both actions, the putative class members are represented by the same law firm, the cases arise out of the exact same set of operative facts, and each presents the same federal question. Further, Plaintiffs do not deny that the discovery sought from Trendwest will be identical in both actions. Accordingly, Trendwest has presented a compelling case for the transfer of the California action, and subsequent consolidation of the two actions.

Moreover, consolidating the two actions into one action would eliminate the possibility of inconsistent rulings. The sole remaining legal issue in the California action is whether Trendwest is a "retail or service" establishment within the meaning of the FLSA. This is the same federal issue presented in the Nevada action. Because this issue is an issue of first impression in the Ninth Circuit, there is a realistic danger that Trendwest may be subjected to inconsistent judgments if the two class actions are allowed to proceed in separate jurisdictions. Since consolidation cannot occur until both actions are pending in the same jurisdiction, this factor weighs heavily in favor of granting the instant Motion to Transfer Venue.

Additionally, the fact that the California action no longer contains any California state law claims also weighs heavily in favor of transferring the *California* action to *Nevada*, instead of the other way around. Although the fact that the Nevada action includes certain claims arising under Nevada law does not *preclude* transfer to this Court, as Trendwest erroneously contends, the forum state's familiarity with its own laws is a factor that a court may consider on a motion to transfer. *See Jones*, 211 F.3d at 498-99. Hence, if Trendwest were to file the same Motion to Transfer Venue in Nevada, this factor would weigh *against* transfer and could thwart Trendwest's effort to consolidate the two actions. In fact, transferring the Nevada action to California would be less appropriate, as it would require this Court to interpret numerous Nevada statutes, including Nevada Revised Statute ("N.R.S.") §§ 608.016, 608.100, 608.250, 608.019, and 608.040, with which this Court is unfamiliar. In contrast, transferring the California action to Nevada only requires the Nevada District Court to take on two causes of action that are wholly dependent on the Fair Labor Standards Act and are

---

[3] Indeed, in the May 3, 2005 Order on Plaintiffs' Motion to Remand, this Court determined that Plaintiffs' § 17200 claim was actually premised on the Fair Labor Standards Act.

entirely duplicative of the federal cause of action already contained in the Nevada Complaint.[4]

Finally, Plaintiffs' argument that the Motion to Transfer Venue should not be granted merely because the California action is the "first-filed" action is unpersuasive. The "first-filed" rule merely "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). As such, it is an argument that should be presented to the Nevada court, not this Court. Further, the "first-filed" rule is typically invoked to protect the *plaintiff's* choice of forum in cases where the *defendant* has subsequently filed an identical or related suit in a different forum. *See, e.g., Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993). Plaintiffs have not provided the Court with any authority in support of their belief that the "first-filed" rule may be extended to a case, such as the one here, where a defendant is subjected to two different class actions that the *plaintiff* has filed in two different jurisdictions. In fact, to the contrary, the Ninth Circuit has held that the "first-filed" rule, even when applicable, is not to be rigidly enforced, and should be dispensed with when principles of equity so require. *Alltrade*, 946 F.2d at 628. Since equity weighs in favor of allowing Trendwest the opportunity to consolidate the two actions so that it may defend against a class action comprised of its entire sales force, the Court finds that the "first-filed" rule does not bar transfer of the California action to the Nevada District Court.

---

[4]For example, the California Complaint and Nevada Complaint both allege violations of 29 U.S.C. § 207(a)(1), the section of the FLSA regarding forty-hour work weeks, and seek to recover overtime pay for the class of salespersons who have allegedly been forced to work in violation of the forty-hour rule. Compl. ¶ 27, Errata at Ex. A, ¶ 25. Further, both complaints allege that Trendwest does not fall within the exemption for "retail or service establishments." Compl. at ¶¶ 24-31; Errata at Ex. A, ¶¶ 24-31.

### B. Convenience Factors

As set forth below, Trendwest has also persuasively established that the remaining applicable *Jones* factors are either neutral or weigh in favor of transfer.

#### 1. Plaintiffs' Choice of Forum

The first *Jones* factor to be considered is Plaintiffs' choice of forum. Ordinarily, there is a strong presumption in favor of the plaintiffs' choice of forum. *Jarvis v. Marietta Cor.*, 1999 U.S. Dist. LEXIS 12659 (N.D. Cal. 1999). However, the plaintiffs' choice of forum is given less deference where, as here, the action is brought on behalf of a class. *Lou*, 834 F.2d at 739. Further, "[i]f there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

As previously noted, the plaintiffs in the California and Nevada actions share the same counsel, Mark Thierman. Plaintiffs' counsel originally chose to limit the putative class to Trendwest's California salespersons. Subsequently, instead of amending the California Complaint, Plaintiff's counsel filed a second action in Nevada to litigate on behalf of the rest of Trendwest's salespersons. While this chain of procedural events does not conclusively establish that Plaintiffs have engaged in forum shopping, significantly, Plaintiffs have not provided the Court with any persuasive reasons as to why the class has been artificially split into two sub-classes, the California salespersons and the non-California "nationwide" sub-class. Given this, and given the fact that this case involves class action litigation, the Court finds that Plaintiffs' choice of forum is entitled to very little weight.

#### 2. Convenience of Parties and Witnesses and Access to Evidence

Additionally, the Court may consider whether the transferee court would be more convenient for the parties and witnesses and whether the transferee court would provide the parties with easier access to evidence. Since a nationwide class action litigation is at issue here, this factor is presumably neutral. Specifically, considering that Trendwest's principal place of business is in Washington, and Jeld-Wen's principal place of business is in Oregon, both Oakland and Las Vegas are equally inconvenient places to litigate for the defendants. As for the plaintiffs, the putative California class and the putative Nevada class are both alleged to be over one hundred strong. *Id.* ¶ 13; Errata at Ex. A, ¶ 15. The nationwide putative class, however, is alleged to consist of over four hundred persons who do not reside in either California or Nevada.

As for the witnesses, both parties agree that most of the witnesses live and work in Redmond, Washington, and hence, again, neither forum is convenient for them. However, Defendants note that the convenience of the witnesses will be best served if Defendants are allowed to defend against both cases in one venue, thus avoiding the necessity of duplicative depositions.[5] *Id.*

With respect to the evidence, the parties also agree that most of the relevant evidence is located at Trendwest's headquarters in Redmond, Washington. Opp'n at 4; Mot. at 8. However, additional evidence will also originate from the individual Trendwest employment sites such as California and other locations throughout the country. Mot. at 8. Accordingly, there is no single location that would provide the easiest access to all of the relevant evidence.

In sum, the *Jones* "convenience" factors do not appear to provide overwhelming support for transfer of the California action to Nevada. However, there is one critical factor that the parties do not mention that tips the scales in favor of transferring the California action to Nevada: Plaintiffs' counsel is located in Nevada. Thus, due to Plaintiffs' counsel's proximity to the Nevada court, a significant amount of time and expense would undeniably be eliminated if the California action is transferred to that jurisdiction.

### III.   Balancing the Factors

The interests of justice strongly weigh in favor of granting the instant Motion to Transfer Venue in order to allow Trendwest the opportunity to consolidate the two class actions into one action. Moreover, transferring the California action would avoid unnecessary duplication of labor and would conserve scarce judicial resources. Accordingly, this Court hereby GRANTS Trendwest's Motion to Transfer Venue.

### **CONCLUSION**

In the interest of preserving the litigants' and the judicial system's resources, IT IS HEREBY ORDERED THAT Defendant Trendwest Resort Inc.'s Motion to Transfer Venue [Docket No. 30] is GRANTED. This matter is hereby ordered TRANSFERRED to the United States District Court for the District of Nevada.

IT IS FURTHER ORDERED THAT Plaintiffs' Motion for Class Certification [Docket No. 31] is

---

[5] In the event that this matter is transferred to the District Court of Nevada, Trendwest has agreed to depose Plaintiffs' primary witnesses in California, to ease any burden on them. Reply at 5.

9

1  DENIED AS PREMATURE.  The Motion for Class Certification should be re-filed in the transferee court.
2         IT IS SO ORDERED.

Dated: 8-9-05

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California